Etan Z. Lorant, Esq., SBN: 108820
**LAW OFFICES OF ETAN Z. LORANT**
5850 Canoga Avenue, Ste. 308
Woodland Hills, California 91367
Telephone (818) 990-3990

Attorney for Plaintiff,
CLAIRECE R. ANDRUS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRECE R. ANDRUS, Individually and as a Successor-In-Interest to AMY MARIE PALUBICKI, decedent,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES; LAPD Officer RUIZ (Badge #44215); LAPD Officer KIM (Badge #42236); LAPD Officer CARBONELL (Unknown Badge Number); COUNTY OF LOS ANGELES and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION DAMAGES:**<br><br>1. Violation of the Fourth & Fourteenth Amendments - Unreasonable Seizure - Arrest (42 U.S.C. § 1983)<br>2. Violation of the Fourth & Fourteenth Amendments - Unreasonable Seizure - Excessive Force (42 U.S.C. § 1983)<br>3. Violation of the Fourth, Eighth & Fourteenth Amendments - Deliberate Indifference to and Denial of Medical and Mental Health Care (42 U.S.C. § 1983)<br>4. Violation of the Fourteenth Amendment - Denial of Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Municipal Liability - Failure to Train (42 U.S.C. § 1983) |

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

7. False Arrest/False Imprisonment (Wrongful Death)
8. Battery (Wrongful Death)
9. Negligence (Wrongful Death)
10. Intentional Infliction of Emotional Distress (Wrongful Death)
11. Violation of the California Tom Bane Act (California Civil Code § 52.1) (Wrongful Death)
12. Violation of the American With Disabilities Act (ADA)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

1.      Plaintiff, CLAIRECE R. ANDRUS, Individually and as a Successor-In-Interest to AMY MARIE PALUBICKI, decedent, for her complaint against Defendants CITY OF LOS ANGELES; LAPD Officer RUIZ (Badge #44215); LAPD Officer KIM (Badge #42236); LAPD Officer CARBONELL (Unknown Badge Number); COUNTY OF LOS ANGELES and DOES 1 through 10, Inclusive, alleges as follows:

## INTRODUCTION

2.      This civil rights action seeks compensatory damages from Defendants and each of them and punitive damages from the individual Defendants for violating various rights under the United States Constitution and California State law in connection with the false arrest and imprisonment of, and the failure to provide adequate health care to, AMY MARIE PALUBICKI, decedent.

## PARTIES

3.      At all relevant times, AMY MARIE PALUBICKI ("DECEDENT") was an individual residing in the County of Los Angeles, California. Her date of birth was March 18, 1981. Furthermore, at all relevant times herein, DECEDENT weighed

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

approximately 380 pounds, had apparent physical symptoms indicating a bad heart condition, and suffered from a serious mental disability within the meaning of the Americans With Disabilities Act, to wit, manic depressive bipolar disorder. Additionally, DECEDENT had suicidal ideation, suffered from insomnia and had breathing problems while sleeping. Indeed, Plaintiff physical and mental impairment substantially limited one or more of her major life activities. In fact, DECEDENT had a record of suffering from bipolar impairment and was regarded by her physicians as having such impairment.

4.     Plaintiff CLAIRECE R. ANDRUS is an individual residing in Los Angeles County, California, and was at all relevant times the natural daughter of DECEDENT. CLAIRECE R. ANDRUS sues herein in her individual capacity and in a representative capacity as a successor-in-interest to DECEDENT. CLAIRECE R. ANDRUS ("Plaintiff") seeks both survival and wrongful death damages under federal and state law.

5.     At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") was/is a public entity and a municipality duly organized and existing under the laws of the State of California. At all relevant times, CITY was the employer of all its medical personnel, and its police officers and employees working for the Los Angeles Police Department ("LAPD"), and specifically the employer of Defendants LAPD Officer RUIZ (Badge #44215) ("RUIZ"), LAPD Officer KIM (Badge #42236) ("KIM"), LAPD Officer CARBONELL (unknown Badge Number) ("CARBONELL") and DOES 1 through 7, Inclusive.

6.     On information and belief, at all relevant times, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, were residents of the County of Los Angeles, California.

7.     Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, are being sued herein in both their individual capacity and in their official capacity.

**COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES**

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

8.      At all relevant times, Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties and with the complete authority and ratification of their principal, Defendant CITY, and subject to oversight and supervision by Defendant CITY's elected and nonelected officials.

9.      In doing the acts and failing and/or omitting to act as hereinafter described, Defendants RUIZ, KIM, CARBOELL and DOES 1 through 7, Inclusive, were acting on the implied and actual permission and consent of Defendant CITY.

10.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11.     The true names of defendants DOES 1 through 7, Inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12.     On or about August 6, 2021, Plaintiff served her claim for damages with CITY pursuant to applicable sections of the California Government Code.

On October 5, 2021, CITY rejected Plaintiff's claim for damages.

13.     At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") was/is a public entity and a municipality duly organized and existing under the laws of the State of California. At all relevant times, COUNTY was the employer of all deputies of its Los Angeles County Sheriff Department, its employees and DOES 8 through 10, Inclusive.

14.     On information and belief, at all relevant times, DOES 8 through 10, Inclusive,

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

were residents of the County of Los Angeles, California, and are being sued herein in both their individual capacity and their official capacity.

15.     At all relevant times, Defendants DOES 8 through 10, Inclusive, were duly authorized deputies, employees and agents of Defendant COUNTY, who were *acting under color of law* within the course and scope of their respective duties and with the complete authority and ratification of their principal, Defendant COUNTY, and subject to oversight and supervision by COUNTY's elected and nonelected officials.

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 8 through 10, Inclusive, were acting on the implied and actual permission and consent of COUNTY.

17.     At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

18.     The true names of defendants DOES 8 through 10, Inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

19.     On or about August 6, 2021, Plaintiff served her claim for damages with COUNTY pursuant to applicable sections of the California Government Code. On August 31, 2021, COUNTY rejected Plaintiff's claim for damages.

## JURISDICTION AND VENUE

20.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

21.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

23.     Around February 14, 2021, DECEDENT, AMY MARIE PALUBICKI, stopped taking her prescribed mental health medication(s) and fell into a continuing serious bipolar manic stage. She began making repeated statements that she wants to "go be" with her father who had recently passed away and began having difficulty sleeping. The manic stage persisted with little to no relief until DECEDENT's death on February 25, 2021.

24.     In the morning hours of February 19, 2021, DECEDENT was at her friend Cathy Grayboyes's residence at 5926 Comey Ave., Los Angeles, California ("HOUSE"). At the HOUSE, DECEDENT made multiple statements that indicated she wanted to end her life and "join" her deceased father. Frustrated, she began to throw things around the backyard. Her other friend, Cynthia who was also present at the location contacted the Los Angeles Police Department by telephone and requested that an involuntary psychiatric '5150-hold' (*California Welfare & Institution Code* § 5150) be placed on DECEDENT since DECEDENT posed a serious risk to DECEDENT's *own* life. Additionally, DECEDENT's fiancé, Jeremiah Dean Snyder, arrived within 5-10 minutes at the HOUSE. Defendants LAPD Officers RUIZ, KIM and DOES 1 through 7, Inclusive also arrived within approximately 5-10 minutes at the alley of the HOUSE, as well as two other LAPD units with unidentified police officers. At that point, Mr. Snyder advised Defendants RUIZ, KIM and DOES 1 through 7, Inclusive that DECEDENT was off her mental health medication(s) for

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

several days; had not been sleeping in days; and had been manically depressed due to her bipolar illness. He further advised Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, that DECEDENT's grandmother passed away in November 2020; her father passed away shortly thereafter on December 2, 2020; that she had been suffering from a bipolar manic episode for about 5 days; and that she never injured anyone and actually worked helping people. He also further advised Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, that DECEDENT threw away her identification card, driver license, bank cards and other important things in the trash in a local park and was in distress repeatedly telling people that she wanted to be with her deceased father. Mr. Snyder further disclosed to Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, that a social worker had seen DECEDENT. Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, specifically asked Mr. Snyder if DECEDENT was a threat to them if they approached her wearing their police uniforms and Mr. Snyder responded that she never harmed anyone. Mr. Snyder also advised RUIZ, KIM and DOES 1 through 7, Inclusive, that, since February 16, 2021, DECEDENT's legs and feet were swollen (a known symptom of a heart disease). Additionally, Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, also became aware that DECEDENT weighted 380 lbs. Mr. Snyder then went to the backyard of the location and assisted DECEDENT into the HOUSE and onto a chair. Shortly thereafter, RUIZ, KIM and DOES 1 through 7, Inclusive, announced that they will not place a '5150-hold' on DECEDENT and that he can contact the Los Angeles County Department of Mental Health for her. Mr. Synder told them that he already tried that and was told DECEDENT can be taken to a hospital. Regardless, all LAPD police officers left the HOUSE without placing DECEDENT on a '5150-hold.'

25.     Within minutes after the LAPD police officers left the HOUSE as described *supra*, DECEDENT urinated on herself from distress. She then agreed to be transported by Mr. Synder to a hospital. However, as DECEDENT was escorted by

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

Mr. Snyder to the alley near where the car was parked, she said she wanted to "go into traffic" and "go be" with her deceased father. She then walked onto the oncoming moving traffic. Afraid that she might be hit by a moving car, Mr. Snyder grabbed her to stop her from walking further onto the oncoming traffic but she resisted him and due to the struggle and/or while she tried to get away, she accidently scratched his face near his right eye. Nonetheless, Mr. Snyder did not let go of her and pulled her back toward the safety of the sidewalk near a crosswalk. DECEDENT then took a step forward into the crosswalk in the oncoming traffic despite the fact that the pedestrian light was red and she was almost hit by a moving vehicle. Mr. Snyder was able to pull her back to the sidewalk and she then laid down in the street on cement until she finally agreed to walk back to the HOUSE with Mr. Snyder.

26.    Within a few minutes of DECEDENT entering the HOUSE, Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, arrived again at the alley of the HOUSE at approximately 11:20 a.m., following a second 911 call that requested the LAPD to place a '5150-hold' on DECEDENT. Two other unidentified LAPD units also arrived at the location, and within a short time two more unidentified LAPD units arrived. Defendant RUIZ interviewed Mr. Snyder while Defendant KIM interviewed DECEDENT's friend - Ms. Grayboyes. Mr. Snyder described to Defendant RUIZ what had taken place with DECEDNT since the LAPD left the HOUSE a little while earlier that morning. When Defendant RUIZ inquired why Mr. Snyder had a scratch on his face, Mr. Snyder explained that he physically grabbed DECEDENT to stop her from walking onto the moving traffic and killing herself, and as DECEDENT resisted him and/or tried to get away from him, she accidently scratched his face. He stated to Defendant RUIZ that he does not wish to "press charges" and that DECEDENT was not at fault for his injury but rather was merely trying to get away from him. Yet, shortly thereafter at 11:25 a.m. of February 19, 2021, Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, proceeded to place DECEDENT under arrest, using

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

three connected handcuffs. They then took DECEDENT into custody for a *felony* domestic violence charge *despite obvious lack of evidence that DECEDENT had any intentions whatsoever to hurt Mr. Snyder or anyone else other than herself, or had any intentions to commit a crime*.

No '5150-hold' was placed on DECEDENT and DECEDENT was transported to the LAPD Jail Division instead of to the very much needed Emergency Room and/or a mental health hospital. DECEDENT was then booked by Defendants CITY and DOES 1 through 7, Inclusive, at 2:36 p.m. at the LAPD Metropolitan Detention Center.

27.     Within minutes of DECEDENT's wrongful arrest and seizure, Mr. Snyder requested of Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, to take DECEDENT's mental health prescribed medication and C-PAP machine to her since both were available at the HOUSE. However, Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, refused to do so.

28.     At the time of her arrest, DECEDENT posed no immediate threat of injury to any of the LAPD Officers, Mr. Snyder, or any other person, never verbally threatened anyone and did not have any weapons. Further, DECEDENT was not suspected of committing any serious crime and none of the involved LAPD officers observed her commit any crime. Indeed, they had no information whatsoever that she *intentionally* injured anyone. To the contrary, Mr. Snyder specifically stated to Defendant RUIZ prior to said wrongful arrest that DECEDENT was merely attempting to release herself from his physical grip on her when she accidently scratched his face. Furthermore, the LAPD knew that DECEDNT had no history of violence whatsoever and that a social worker was assigned to her.

29.     The LAPD did not provide or summon timely medical attention for DECEDENT, who was in a clear and complete mental health crisis, was experiencing a serious bipolar manic episode, and had swollen legs and feet which indicative of a

heart disease and enhanced vulnerability to heart failure and required a C-PAP machine to breathe while sleeping.

30.    During DECEDENT's entire wrongful detention and incarceration at LAPD Metropolitan Detention Center, she required urgent medical care for her serious heart condition, her enhanced vulnerability to heart failure, her swollen legs and feet, urgent mental health care for her serious bipolar manic depressive episode, appropriate medications, counseling, a proper bed and a C-PAP machine, but none whatsoever was provided to her and she was denied the health care she so desperately needed and was entitled to.

31.    On or around February 19, 2021 following the wrongful arrest of DECEDENT, DECEDENT's sister, Anita Bower, contacted the LAPD and spoke to Defendant LAPD Officer CARBONELL and explained that DECEDENT needed the intervention of a mental health care provider and appropriate medications. But, despite several verbal assurances that DECEDENT would be taken care of at the jail and that he will see to it, DECEDENT received no appropriate health care intervention and was forced to remain in custody without any relief whatsoever.

32.    On February 23, 2021, the Honorable Judge of the Los Angeles Superior Court ordered the release of DECEDENT from custody.

33.    DECEDENT was transported from the CITY's Metropolitan Detention Center to Defendant COUNTY's Century Regional Detention Facility Women's Jail in Lynwood where COUNTY and DOES 8 through 10, Inclusive, incarcerated her overnight with no meaningful medical and mental health care intervention. DECEDENT was finally released from Regional Detention Facility Women's Jail on February 24, 2021 at 11:55 a.m., and shortly thereafter transported by COUNTY and DOES 8-10, Inclusive, to EXODUS RECOVERY, INC. (aka 'Exodus Mental Health Urgent Care') (hereinafter "EXODUS") where she was hospitalized for a 72-hours involuntary psychiatric evaluation ('5150-hold').

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

34.     During DECEDENT's wrongful detention and incarceration at the COUNTY's Century Regional Detention Facility Women's Jail, she required urgent medical care for her serious heart condition, her enhanced vulnerability to heart failure, her swollen legs and feet, urgent mental health care for her serious bipolar manic depressive episode, appropriate medications, counseling, a proper bed and a C-PAP machine, but none whatsoever was provided to her and she was denied the health care she so desperately needed and was entitled to.

35.     On February 25, 2021 (the following day after DECEDENT's delayed release from Century Regional Detention Facility Women's Jail in Lynwood), DECEDENT was found dead at EXODUS at age 39. The COUNTY's Medical Examiner-Coroner determined that she died of hypertrophic heart disease ('enlarged heart').

36.     DECEDENT's heart condition was made significantly worse and was exacerbated by the severe distress, trauma, shock, grief, agony, and torment, she suffered when RUIZ, KIM and DOES 1 through 10, Inclusive, consisting of numerous police units and numerous police officers failed to take her for an involuntary 72-hours psychiatric evaluation ('5150-hold') when they first arrived at the HOUSE and were informed of her mental crisis; when they arrived at the HOUSE the second time that day and placed DECEDENT under arrest in three connected handcuffs for a fabricated felony crime and took her into custody; when she was wrongfully incarcerated at Metropolitan Detention Center from February 19, 2021 through February 23, 2021 without any meaningful medical and/or mental health care; and when she was wrongfully incarcerated by COUNTY and DOES 8 through 10, Inclusive, from February 23, 2021 through February 24, 2021 with no meaningful medical and/or mental health care. These said acts and/or omissions were the direct and proximate cause of DECEDENT's heart failure and untimely death.

37.     Defendants refusal to place a '5150-hold' on DECEDENT in the two encounters she had with the LAPD as described herein *supra*, the excessive number

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

of police officers and police units that arrived at the location of the HOUSE, the unjust arrest of DECEDENT for a felony crime while she was in a complete and total mental health crisis, the denial of health care and/or the refusal to give the proper health care to DECEDENT while in Defendants' custody, the pursuit of a baseless criminal case against DECEDENT, and the delay in release from custody, caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of and a significant factor to DECEDENT's premature death.

38.     As a direct and proximate result of Defendants acts and/or omissions as described *supra, to wit*, the refusal to place a 5150-hold on DECEDENT in the two encounters, the wrongful arrest and imprisonment of DECEDENT, the pursuit of a baseless criminal case against DECEDENT, the lack of medical and/or mental health care at both the CITY's Metropolitan Detention Center and COUNTY's Century Regional Detention Facility Women's Jail, and the additional day of incarceration despite a Court Ordered release, DECEDENT's heart was pushed to its limits, deteriorated and failed thereby causing her pre-mature death.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fourth & Fourteenth Amendments –**
**Unreasonable Seizure - Arrest (42 U.S.C. § 1983)**
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL,
COUNTY and DOES 1-10)

39.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants CITY, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, detained, seized and arrested DECEDENT in violation of her right to be secure in her person against unreasonable seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     Defendants COUNTY and DOES 8 through 10, Inclusive, imprisoned

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

DECEDENT in violation of her right to be secure in her person against unreasonable seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.     As a result of the conduct and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, they are liable for DECEDENT's injury and death because they were integral participants to the violations of DECEDENT's rights.

43.     The DECEDENT was arrested under a ruse without reasonable suspicion and without probable cause by CITY, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, for a felony domestic violence crime which said Defendants reasonably knew and/or should have reasonably known was unjustified.

44.     The DECEDENT was further wrongfully detained and imprisoned by COUNTY and DOES 8 through 10, Inclusive, without any justification whatsoever.

45.     The conduct and/or omissions of RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive.

46.     Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages under 42 U.S.C. §1983, to Plaintiff who brings this claim as a successor-in-interest to DECEDENT and as her natural daughter.

47.     Plaintiff also seeks attorney fees under this claim.

///
///

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

**SECOND CLAIM FOR RELIEF**
**Violation of the Fourth & Fourteenth Amendments –**
**Unreasonable Seizure - Excessive Force (42 U.S.C. § 1983)**
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL,
COUNTY and DOES 1-10)

48.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     Defendants CITY, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, detained, seized and arrested DECEDENT in violation of her right to be secure in her person against unreasonable seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Defendants CITY, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, could have and should have placed a '5150-hold' on DECEDENT and transported her to a mental health facility and/or to a hospital's emergency room. Yet, said Defendants failed to do so and instead chose to place her under arrest for under the ruse of a fabricated felony crime and without any justification. To make matters worse, Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, placed three handcuffs on Plaintiff's wrists.

50.     Defendants COUNTY and DOES 8 through 10, Inclusive, detained, seized and imprisoned DECEDENT in violation of her right to be secure in her person against unreasonable seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Defendants COUNTY and DOES 8 through 10, Inclusive, should have released DECEDENT from custody forthwith the Court's Order for release but failed to do so and instead incarcerated DECEDENT overnight. Additionally, Defendants COUNTY and DOES 8 through 10, Inclusive, should have provided medical and mental health care to DECEDENT while in custody and failed to do so.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

51.   As a result of the conduct and/or omissions of CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, they are liable for DECEDENT's injury and death because they were integral participants to the violations of DECEDENT's rights.

52.   The conduct and/or omissions of RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive.

53.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages under 42 U.S.C. §1983, to Plaintiff who brings this claim as a successor-in-interest to DECEDENT and as her natural daughter.

54.   Plaintiff also seeks attorney fees under this claim.

### THIRD CLAIM FOR RELIEF
**Violation of the Fourth, Eighth & Fourteenth Amendments –
Deliberate Indifference and Denial of Proper Medical and Mental Health Care
(42 U.S.C. § 1983)**
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1-10)

55.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.   42 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state … subjects, or causes to be subjected, a citizen of the Unites States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

equity, or other proper proceeding for redress." The Fourth Amendment of the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Eighth Amendment of the United States Constitution prohibits the federal government from imposing cruel and unusual punishments. More so, the Fourteenth Amendment imposes duties on custodial and law enforcement officials to provide humane conditions of confinement; to ensure that inmates receive adequate food, clothing, shelter, and medical care; and to take reasonable measures to guarantee the safety of inmates.

A custodial official's deliberate indifference to an inmate's medial needs constitutes a violation of the Fourteenth Amendment's Due Process clause and Eighth Amendment. In fact, a serious medical need is present whenever the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976); *Clouthier v. County of Contra Costa* (9th Cir. 2010) 591 F.3d 1232, 1242.

57.     The deliberate indifference to DECEDENT's plainly visible urgent health care needs and denial of, and/or negligent examination and administration of, proper medical and mental health care to her by Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, deprived DECEDENT of her right to be secure in her person against unreasonable seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and against cruel and unusual punishment as guaranteed by the Eight Amendment of the United States Constitution, both of which are applied to state actors by the Fourteenth Amendment of the United States Constitution.

58.     As a result, DECEDENT suffered extreme mental and physical pain, loss of earning capacity and loss of life. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

59.     Defendants CITY, RUIZ, KIM, CARONELL, COUNTY and DOES 1 through 10, Inclusive, knew that failure to provide timely medical and/or mental proper treatment and evaluation to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death. They also knew that DECEDENT's family members would suffer an injury if DECEDENT died.

60.     After being placed on multiple notices as to DECEDENT's need for urgent medical assistance and/or mental psychiatric intervention due to her serious bipolar manic depression episode(s) in which she attempted suicide, and her swollen legs and feet which indicated a clear heart disease and vulnerability to heart failure, and her need for a C-PAP machine, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, failed to properly diagnose her condition(s) and failed to summon and/or provide timely appropriate medical and/or mental health care attention for her while she was suffering from a complete and utter mental health crisis and had obvious and visible health care urgent need.

61.     As a result of the conduct and/or omissions of CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, they are liable for DECEDENT's injury and death because they were integral participants to the violations of DECEDENT's rights.

62.     The conduct and/or omissions of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the

1    individual Defendants RUIZ, KIM, CARBONELL and DOES 1through 10,

2    Inclusive.

3    63.    Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and

4    DOES 1 through 10, Inclusive, are each liable for compensatory damages, including

5    both survival damages and wrongful death damages under 42 U.S.C. §1983, to

6    Plaintiff who brings this claim as a successor-in-interest to DECEDENT and as her

7    natural daughter.

8    64.    Plaintiff also seeks attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Fourteenth Amendment –**
**Denial of Substantive Due Process (42 U.S.C. § 1983)**
(By Plaintiff against Defendants CITY, RUIZ, KIN, CARBONELL,
COUNTY and DOES 1-10)

65.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

through 64 of this Complaint with the same force and effect as if fully set forth

herein.

66.    DECEDENT had a cognizable interest under the Due Process Clause of the

Fourteenth Amendment of the United States Constitution to be free from state actions

that deprive her of life and liberty in such a manner as to shock the conscience,

including but not limited to, unwarranted and fabricated seizure and arrest for a

baseless felony domestic violence and denial of urgent health care.

67.    Plaintiff had a cognizable interest under the Due Process Clause of the

Fourteenth Amendment of the United States Constitution to be free from state actions

that interfere with Plaintiff's familial relationship with her mother, the DECEDENT,

in such a manner as to shock the conscience.

68.    The aforementioned actions and/or omissions of Defendants CITY, RUIZ,

KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, along with other

undiscovered conduct, shock the conscience, in that they acted with deliberate

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

69.     As a direct and proximate result of the aforementioned actions and omissions of Defendants and each of them as described *supra* in this Complaint, DECEDENT suffered extreme and severe mental anguish and pain and was injured in mind and body and died prematurely.

70.     As a direct and proximate result of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body, and has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

71.     As a result of the aforementioned conduct and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive as described *supra* in this Complaint, they are liable for DECEDENT'S injuries and premature death and Plaintiff's injuries because they were integral participants in the denial of due process.

72.     The aforementioned conduct and/or omissions of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive.

73.     Plaintiff brings this claim as an individual; as a successor-in-interest to DECEDENT and as her natural daughter, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

74.     Plaintiff also seeks attorney fees under this claim.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

### FIFTH CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
(By Plaintiff against Defendants CITY, COUNTY and DOES 1-10)

75.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     On February 19, 2021 and continuing to the present date Defendants CITY and DOES 1 through 7, Inclusive, deprived Plaintiff and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as law enforcement personnel, including but not limited to RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, and other CITY personnel, whom Defendants CITY and DOES 1 through 7, Inclusive, at all times material herein, knew or reasonably should have known had risky propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, and having the practice of using pretexts to justly unfounded arrests of people in a mental health crisis instead of placing a '5150-hold' on them;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, including but not limited to RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, and other CITY personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

propensities and character traits and the practice of using pretexts to justly unfounded arrests of people in a mental health crisis instead of placing a '5150-hold' on them;

(c) By failing to adequately train officers, including but not limited to RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, and other CITY personnel, and failing to institute appropriate policies and procedures, regarding detentions, arrests and/or '5150-holds', of individuals suffering from mental illnesses, dealing with people in mental health crisis situations, summoning health care for individuals experiencing mental breakdowns, using excessive force with individuals with mental illnesses, ascertaining the intentions of individuals with mental illness, properly interpreting the actions taken by mentally ill people during their crisis, and other policies in connection with the facts stated herein in this Complaint;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using pretext, ploy and ruse to justly baseless arrests of people in a mental health crisis instead of placing a '5150-hold' on them which also is demonstrated by inadequate training regarding this subject.

77.     Said policies, customs, and practices of CITY and DOES 1 through 7, Inclusive, were done with a deliberate indifference to individuals' safety and rights.

78.     On February 23, 2021 and continuing to the present date Defendants COUNTY and DOES 8 through 10, Inclusive, deprived Plaintiff and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

**COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES**

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

(a) Employing and retaining as law enforcement personnel, including DOES 8 through 10, Inclusive, and other COUNTY personnel, whom Defendants COUNTY and DOES 8 through 10, Inclusive, at all times material herein, knew or reasonably should have known had risky propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff deputies, and other COUNTY personnel, who Defendant COUNTY and DOES 8 through 10, Inclusive, knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; and

(c) By failing to adequately train sheriff deputies, including DOES 8 through 10, Inclusive, and other COUNTY personnel, and failing to institute appropriate policies, regarding releases from incarcerations forthwith Court Orders, '5150-holds,' dealing with individuals in mental health crisis situations, providing appropriate medical and mental health care to incarcerated individuals, excessive force, and other policies in connection with the facts stated herein in this Complaint.

79.     Said policies, customs, and practices of COUNTY and DOES 8 through 10, Inclusive, were done with a deliberate indifference to individuals' safety and rights.

80.     By reason of the aforementioned policies and practices of Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, DECEDENT suffered extreme and severe mental anguish and pain and was injured in mind and body and died prematurely; and Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body, and deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

81.     Defendants CITY, COUNTY, and DOES 1 through 10, Inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts and omissions, Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, acted with an intentional, reckless, and callous disregard for the life of DECEDENT and Plaintiff's and DECEDENT's constitutional rights. Defendants CITY, COUNTY, and DOES 1 through 10, Inclusive, and each of their actions and/or omissions were willful, wanton, oppressive, malicious, oppressive, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

82.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, were affirmatively linked to and were a significantly influential force behind the injuries and death of DECEDENT and the injuries to Plaintiff.

83.     By reason of the aforementioned conduct and/or omissions of Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, DECEDENT and Plaintiff suffered severe mental anguish and pain, and were injured in mind and/or body.

84.     Accordingly, Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages under 42 U.S.C. §1983, to Plaintiff who bring this claim as an individual; as a successor-in-interest to DECEDENT and as her natural daughter.

85.     Plaintiff also seeks attorney fees under this claim.

///

///

///

Case 2:22-cv-00144-JAK-PD   Document 1   Filed 01/07/22   Page 24 of 42   Page ID #:24

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

**SIXTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
(By Plaintiff against Defendants CITY, COUNTY and DOES 1-10)

86.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.     While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, unjustly deprived DECEDENT of her rights and liberties secured to her by the Americans With Disabilities Act, the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983, including *inter alia* her right to be free from unreasonable seizures and her right to life and liberty.

88.     While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, and other CITY personnel, unjustly deprived Plaintiff of her rights and liberties secured to her by the Fourth and Fourteenth Amendments, including her right to familial relationship with her mother, the DECEDENT.

89.     While acting under the color of state law and within the course and scope of their employment as sheriff deputies for the COUNTY sheriff department, DOES 8 through 10, Inclusive, and other COUNTY personnel, unjustly deprived DECEDENT of her rights and liberties secured to her by the Americans With Disabilities Act, the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983, including *inter alia* her right to be free from unreasonable seizures and her right to life and liberty.

24

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

90.     While acting under the color of state law and within the course and scope of their employment as sheriff deputies for the COUNTY sheriff department, DOES 8 through 10, Inclusive, and other COUNTY personnel, unjustly deprived Plaintiff of her rights and liberties secured to her by the Fourth and Fourteenth Amendments, including her right to familial relationship with her mother, the DECEDENT.

91.     The training policies of the Defendant CITY and DOES 1 through 7, Inclusive, were not adequate to train its police officers, including but not limited to, RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, with regards to individuals experiencing a mental health crisis, interpreting the intent of these individuals and promptly summoning urgent health care for them.

92.     The training policies of the Defendant COUNTY and DOES 8 through 10, Inclusive, were not adequate to train its sheriff deputies with regards to prompt releases from custody forthwith Court Orders, and with regard to individuals experiencing a mental health crisis in custody and promptly summoning urgent health care for them.

93.     As a result of the wrongful conduct and/or omissions stated *supra*, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, were not, and are not able, to handle the usual and recurring situations with which they must deal with individuals in a mental health crisis, place individuals on '5150-holds' when these individuals require immediate urgent psychiatric evaluation, health care intervention and transport to appropriate mental health care providers, and/or promptly release individuals from custody.

These inadequate training policies existed prior to the date of this incident, during the date of this incident and continue to this day.

94.     Defendants CITY and DOES 1 through 7, Inclusive, were aware that failure to implement appropriate training with regards to their officers' dealing with individuals suffering from mental illnesses and/or in a mental health crisis, would result in

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

continuing to have numerous unjustified arrests of individuals experiencing a mental health crisis and failures to summon proper medical and mental health care to incarcerated individuals. Furthermore, Defendants COUNTY and DOES 8 through 10, Inclusive, were aware that failure to implement appropriate training with regards to prompt release from custody pursuant to Court Orders, summoning proper medical and mental health care to individuals in custody, and dealing with individuals suffering from a mental health crisis, would result in continuing to have numerous violations of the Americans With Disabilities Act, the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. 1983.

95.    The failure of the Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, to provide adequate training as stated above directly caused the deprivation of DECEDENT's and Plaintiff's rights by Defendants RUIZ, KIM, CARBONELL, DOES 1 through 10, Inclusive, and other      CITY and/or COUNTY personnel. Indeed, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiff's rights as to be the moving force that caused the ultimate injuries described above and the premature death of DECEDENT. In fact, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, COUNTY, DOES 1 through 10, Inclusive, were affirmatively linked to and were a significantly influential force behind the injuries and death of DECEDENT and the injuries to Plaintiff.

96.    By failing to provide adequate training as stated above, Defendants CITY, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, acted with an intentional, reckless, and callous disregard for the life of DECEDENT and the constitutional rights of DECEDENT and Plaintiff.

97.    Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of their actions and/or omissions were willful were

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

willful, wanton, oppressive, malicious, oppressive fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

98.     As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT suffered extreme and severe mental anguish and pain and was injured in mind and body and died prematurely.

99.     As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body, and has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

100.    Accordingly, Defendants CITY, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages under 42 U.S.C. §1983, to Plaintiff who bring this claim as an individual; as a successor-in-interest to DECEDENT and as her natural daughter.

101.    Plaintiff also seeks attorney fees under this claim.

**SEVENTH CLAIM FOR RELIEF**
**False Arrest & Imprisonment**
**(California Govt. Code § 820 and California Common Law)**
**(Wrongful Death)**
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL,
COUNTY and DOES 1-10)

102.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.    Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, while working as police officers for CITY, and acting within the course and scope of their

duties, intentionally deprived DECEDENT of her freedom of movement by use of force and unreasonable duress when Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, falsely arrested DECEDENT without her consent and without a warrant and/or any justification. Said Defendants' detention, arrest, restraint and confinement compelled DECEDENT to stay in the presence of Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, and submit to them.

104.   Furthermore, Defendants CITY, CARBONELL and DOES 1 through 7, Inclusive, falsely and wrongfully imprisoned DECEDENT without her consent and without any justification from February 19, 2021 through February 23, 2021 at LAPD Metropolitan Detention Center where she was forced to stay by said Defendants' use of force and unreasonable duress.

105.   Defendants COUNTY and DOES 8 through 10, Inclusive, also intentionally deprived DECEDENT of her freedom of movement by use of force and unreasonable duress when Defendants COUNTY and DOES 8 through 10, Inclusive, imprisoned DECEDENT without her consent and without any justification subsequent to her Court-Ordered release and overnight from February 23, 2021 through February 24, 2021 at Century Regional Detention Facility Women's Jail in Lynwood where she was forced to stay by said Defendants' use of force and unreasonable duress.

106.   The wrongful acts and/or omissions by Defendants and each of them as described *supra* this Complaint were substantial factors in causing injuries, harm and premature death to DECEDENT.

107.   CITY and DOES 1 through 7, Inclusive, are vicariously liable for the wrongful acts of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

108.   COUNTY and DOES 8 through 10, Inclusive, are vicariously liable for the wrongful acts of Defendants DOES 8 through 10, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT died prematurely and Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

110.   The wrongful conduct and/or omissions of RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive.

111.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who bring this claim as a successor-in-interest to DECEDENT and as her natural daughter.

### EIGHTH CLAIM FOR RELIEF
### Battery (California. Govt. Code § 820 and California Common Law)
### (Wrongful Death)
(By Plaintiff against Defendants CITY, RUIZ, KIM and DOES 1-7)

112.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

113.   Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally and with willful disregard to DECEDENT's constitutional rights, unlawfully touched DECEDENT during their arrest of her without her consent. Said unlawful touching offended and/or caused harm to DECEDENT and a reasonable person in DECEDENT's position would have been offended and/or harm by such touching.

114.   CITY and DOES 1 through 7, Inclusive, are vicariously liable for the wrongful acts of Defendants RUIZ, KIM and DOES 1 through 10, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

115.   The wrongful acts and/or omissions by Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, and each of them were substantial factors in causing the premature death of DECEDENT and the injuries to the Plaintiff as described *supra* in this Complaint.

116.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, DECEDENT died prematurely and Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

117.   The wrongful conduct and/or omissions of RUIZ, KIM and DOES 1 through 7, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM and DOES 1 through 7, Inclusive.

118.   Accordingly, Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who bring this claim as a successor-in-interest to DECEDENT and as her natural daughter.

**NINTH CLAIM FOR RELIEF**
**Negligence (California Govt. Code § 820 and California Common Law)**
**(Wrongful Death)**
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1-10)

119.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 118 of this Complaint with the same force and effect as if fully set forth herein.

120.   The actions and inactions of the Defendants RUIZ, KIM and DOES 1 through 7, Inclusive, were negligent in, including but not limited to: (a) the failure to properly and adequately assess the need for a '5150-hold' on DECEDENT and her individual need for her mental and physical disabilities; (b) the negligent failure to notice, ascertain and address the urgent health care needs of DECEDENT; (c) the failure to promptly summon medical and mental health care for DECEDENT; (d) the failure to transport DECEDENT to a hospital emergency room or a mental health facility; (e) the negligent tactics in the determination of the basis for DECEDENT's arrest; (f) the negligent detention, arrest, and use of force against DECEDENT; (g) the negligent tactics and handling of the situation with DECEDENT; and (h) the negligent interpretation of DECEDNT's intentions in her interaction with Mr. Snyder on February 19, 2021.

121.   The actions and inactions of the Defendant CARBONELL were negligent in, including but not limited to: (a) the negligent failure to notice, ascertain and address the urgent health care of DECEDENT; (b) the failure to promptly summon medical and mental health care for DECEDENT; (c) the failure to transport DECEDENT to a

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

hospital emergency room or a mental health facility; (d) the negligent continual incarceration of DECEDENT even after becoming aware of the circumstances of her arrest and her urgent health care needs; and (e) the negligent tactics and handling of the situation with DECEDENT.

122.   The actions and inactions of the Defendants CITY and DOES 1 through 7, Inclusive, were negligent in, including but not limited to, the failure to properly and adequately train employees, including Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, and other CITY personnel, with regards to the lawful detentions and arrests of individuals experiencing a mental health crisis, determination of the whether these individuals had an intent to commit a crime during their mental health crisis, determination of when a '5150-hold' is appropriate as oppose to an arrest, and the appropriate assessment and determination of what urgent health care is necessary and summoning and/or providing such urgent health care.

123.   The actions and inactions of the Defendants COUNTY and DOES 8 through 10, Inclusive, were negligent in, including but not limited to: (a) the failure to properly and adequately train employees, including DOES 8 through 10, Inclusive, with regards to the confinement of disabled individuals experiencing a mental health crisis such as DECEDENT and the need for special accommodations; (b) the failure to timely release DECEDENT from custody subsequent to the Court-Ordered release; (c) the negligent tactics and handling of the situation with DECEDENT; (d) the negligent failure to notice, ascertain and address the urgent health care of DECEDENT; and (e) the failure to provide and/or summons prompt urgent health care to DECEDENT.

124.   CITY and DOES 1 through 7, Inclusive, are vicariously liable for the wrongful acts of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

125.   COUNTY and DOES 8 through 10, Inclusive, are vicariously liable for the wrongful acts of Defendants DOES 8 through 10, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

126.   The wrongful acts and/or omissions by Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of them were substantial factors in causing harm and premature death to DECEDENT and injuries to Plaintiff.

127.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT died prematurely,

128.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

129.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who bring this claim as an individual; a successor-in-interest to DECEDENT and as her natural daughter.

///
///
///

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

**COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES**

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

## TENTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (California Govt. Code § 820 and California Common Law)
### (Wrongful Death)
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1-10)

130.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 129 of this Complaint with the same force and effect as if fully set forth herein.

131.   The wrongful acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of them as described *supra* in this Complaint were extreme and outrageous so as to exceed all bounds of that usually tolerated in a civilized community, and were done with the realization that injuries will result and/or with reckless disregard of the probability of causing the premature death to DECEDENT and injuries to Plaintiff.

132.   The wrongful acts and/or omissions by Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of them were substantial factors in causing the premature death to DECEDENT and injuries to Plaintiff.

133.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT died prematurely,

134.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

135.   CITY and DOES 1 through 7, Inclusive, are vicariously liable for the wrongful acts of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive,

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

136.  COUNTY and DOES 8 through 10, Inclusive, are vicariously liable for the wrongful acts of Defendants DOES 1 through 10, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

137.  The conduct and/or omissions of RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive.

138.  Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who bring this claim as an individual; a successor-in-interest to DECEDENT and as her natural daughter.

## ELEVENTH CLAIM FOR RELIEF
### Violation of the Tom Bane Civil Rights Act (California Civil Code § 52.1)
### (Wrongful Death)
(By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1-10)

139.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 138 of this Complaint with the same force and effect as if fully set forth herein.

140.  *California Civil Code* § 52.1 (Tom Bane Civil Rights Act) prohibits any person from interfering and/or attempting to interfere with another person's exercise or enjoyment of her constitutional rights by threats, intimidation, or coercion.

More so, conduct that violates *inter alia* the Americans With Disabilities Act, the Fourth, Eight and Fourteenth Amendments of the United States Constitution and/or 42 U.S.C. § 1983, violates the California Tom Bane Civil Rights Act.

141.   The wrongful acts and/or omissions of the Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, as described *supra* in this Complaint deprived DECENDENT of her constitutional right to be secure in her person against unreasonable detentions, seizures and arrests and to receive urgent medical and mental health care while in custody.

142.   The wrongful acts and/or omissions of the Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, as described *supra* in this Complaint deprived Plaintiff of her constitutional right to be free from state actions that interfere with Plaintiff's familial relationship with her mother, the DECEDENT, in such a manner as to shock the conscience.

143.   CITY and DOES 1 through 7, Inclusive, are vicariously liable for the wrongful acts of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

144.   COUNTY and DOES 8 through 10, Inclusive, are vicariously liable for the wrongful acts of Defendants DOES 8 through 10, Inclusive, pursuant to section 815.2(a) of the *California Government Code*, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

145.   The wrongful acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of them were substantial factors in causing the harm and premature death to DECEDENT and injuries to Plaintiff.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

**COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES**

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

146.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT died prematurely.

147.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

148.   The conduct and/or omissions of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive.

149.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who brings this claim as a successor-in-interest to DECEDENT and as her natural daughter.

150.   Plaintiff also seeks attorney fees under this claim and all other damages, including but not limited to all statutory damages and/or treble damages, pursuant to the Tom Bane Civil Rights Act.

## TWELFTH CLAIM FOR RELIEF
### Violation of the American With Disabilities Act (ADA)
### (By Plaintiff against Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1-10)

151.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 150 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

152.   Title II of the Americans with Disabilities Act (ADA) provides that: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." A 'public agency,' is defined as, "any department, agency, special purpose district, or other instrumentality of a State or States or local government." Title II of the ADA applies to law enforcement agencies because they are deemed to be 'programs of state or local governments.' The ADA affects the core activities of law enforcement departments including, yet not limited to, arresting, booking and providing emergency medical services. A person is considered to have a disability if the person has a physical or mental impairment that substantially limits one or more major life activities; has a record of such impairment; or is regarded as having such impairment.

153.   At all relevant times herein, DECEDENT suffered from a serious mental disability within the meaning of the Americans With Disabilities Act (ADA), to wit, manic depressive bipolar disorder with suicidal ideation. She also suffered from insomnia and had breathing problems while sleeping which required a C-PAP machine, and was weighing approximately 380 pounds, all of which caused her to be disabled under the ADA. Indeed, at all relevant times herein, Plaintiff's aforementioned physical and mental impairments substantially limited one or more of her major life activities; and she had a record of suffering from such impairments; was regarded by her physicians as having such impairments; and was prescribed medications for said impairments.

154.   Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, arrested DECEDENT as described *supra* in this Complaint because, in part, they misperceived the effects of DECEDENT's disability as a 'criminal activity.' Moreover, Defendants CITY, RUIZ, KIM and DOES 1 through 7, Inclusive, failed to provide reasonable accommodation during the course of their investigation, arrest

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

and/or incarceration of DECEDENT, causing her to suffer greater injury and indignity in the process than other arrestees. Furthermore, Defendants CITY, CARBONELL and DOES 1 through 7, Inclusive, failed to accommodate the impairments and disabilities of DECEDENT even after they were specifically put on notice of DECEDENT's disabilities before her arrest, and were also put on notice again by her sister, Anita Bower, while DECEDENT was already incarcerated. Moreover, Defendants CITY and DOES 1 through 7, Inclusive, failed to train Defendants RUIZ, KIM, CARBONELL and DOES 1 through 7, Inclusive, on Title II of the ADA and how to interact with people who experience forms of disabilities and in particular mental illnesses and how to accommodate and treat their disabilities.

155.   Defendants COUNTY and DOES 8 through 10, Inclusive, failed to provide reasonable accommodation during the course of their seizure and incarceration of DECEDENT, causing her to suffer greater injury and indignity in the process than other incarcerated people. Moreover, Defendants COUNTY and DOES 8 through 10, Inclusive, failed to train Defendants DOES 8 through 10, Inclusive, on Title II of the ADA and how to interact with people who experience forms of disabilities and in particular mental illnesses and how to accommodate and treat their disabilities.

156.   Said failures of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, to appropriately train its law enforcement personnel and other employees for encounters with people with disabilities and with DECEDENT in particular, resulted in Title II ADA violation and discrimination against DECEDENT.

157.   The wrongful acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, and each of them, were substantial factors in causing severe emotional distress and anguish, injuries, harm and premature death to DECEDENT; and injuries, harm and severe emotional distress and anguish to Plaintiff.

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

158.   As a direct and proximate result and by reason of the aforementioned acts and/or omissions of Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, DECEDENT suffered extreme and severe mental anguish and pain and was injured in mind and body and died prematurely.

159.   As a direct and proximate result of and by reason of the aforementioned acts and/or omissions of Defendants and each of them as described *supra* in this Complaint, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body, and has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT and will continue to be so deprived for the remainder of her natural life.

160.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who bring this claim as an individual; a successor-in-interest to DECEDENT and as her natural daughter.

161.   The conduct and/or omissions of Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive, was willful, wanton, malicious, oppressive, fraudulent and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants RUIZ, KIM, CARBONELL and DOES 1 through 10, Inclusive.

162.   Accordingly, Defendants CITY, RUIZ, KIM, CARBONELL, COUNTY and DOES 1 through 10, Inclusive, are each liable for compensatory damages, including both survival damages and wrongful death damages to Plaintiff who brings this claim as a successor-in-interest to DECEDENT and as her natural daughter.

163.   Plaintiff also seeks attorney fees under this claim and all other damages, including but not limited to all statutory damages and/or punitive damages, pursuant to Americans With Disabilities Act (ADA).

COMPLAINT FOR WRONGFUL DEATH
AND SURVIVAL ACTION DAMAGES

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CLAIRECE R. ANDRUS, requests entry of judgment in her favor and against Defendants CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LAPD Officer KIM (Badge #42236); LAPD Officer RUIZ (Badge #44215); LAPD Officer CARBONELL (Unknown Badge Number); and DOES 1 through 10, Inclusive, as follows:

A.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.     For loss of earning capacity;

C.     For funeral and cremation expenses;

D.     For punitive damages against the individual defendants in an amount to be proven at trial;

E.     For each and every statutory damage allowed by law;

F.     For treble damages under the Tom Bane Civil Rights Act.

G.     For interest;

H.     For reasonable costs of this suit and attorneys' fees; and

I.     For such further other relief as the Court may deem just, proper, and appropriate.


Dated: January 6, 2022                LAW OFFICES OF ETAN Z. LORANT


By: _____
        ETAN Z. LORANT,
        Attorneys for Plaintiff,
        CLAIRECE R. ANDRUS

**DEMAND FOR JURY TRIAL**

Plaintiff, CLAIRECE R. ANDRUS, hereby demands a trial by jury.

Dated: January 6, 2022        LAW OFFICES OF ETAN Z. LORANT

By: _____
      ETAN Z. LORANT,
      Attorneys for Plaintiff,
      CLAIRECE R. ANDRUS

LAW OFFICES OF ETAN Z. LORANT
Etan Z. Lorant, Esq. (SBN 108820)
5850 Canoga Avenue, Suite 308
Woodland Hills, California 91367

42